# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1481V
UNPUBLISHED

| | |
|---|---|
| NIKKI AUNE,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Hepatitis B (Hep B) Vaccine;<br>Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for petitioner.

*Althea Walker Davis, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On September 25, 2019, Nikki Aune filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of her hepatitis B vaccination on December 15, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 12, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 10, 2021, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $55,187.90. The award is comprised of the following: $55,000.00 for pain and suffering, and $187.90 for past unreimbursable expenses. Respondent's Rule 4(c) Report and Proffer on Damages

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("Proffer") at 5-6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $55,187.90 (representing an award of $55,000.00 for pain and suffering, and $187.90 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.